HENDRY, Chief Judge.
A complaint was filed against the defendant, A. E. Ottaviano, Inc., by the plaintiff, Gerosa Roads, Inc., in which it was alleged that Ottaviano made and executed a promissory note in the sum of $50,000.00, giving a mortgage to secure the same, encumbering real property located in Dade County, and that Ottaviano had failed to comply with the terms of the note and mortgage, by its failure to pay the note upon demand made October 23, 1964, and pay the real property taxes assessed for the year 1963. A complaint was also filed against the defendant, Croton River Realty Corporation which, with the exception of the *882 amount which was in the sum of $55,000.00, was identical with the preceding complaint. The causes were consolidated for trial and have been consolidated for all appellate purposes.
The amended answer of the defendant, Ottaviano, denied the material allegations of the complaint and set forth three affirmative defenses: material alteration of note and mortgage; usury; and, a claim of set-off. The amended answer of Croton River is also identical with that of Ot-taviano’s with the exception of the additional affirmative defense alleging no consideration for the giving of the note and mortgage.
The court below entered identical final decrees of foreclosure in each cause in which the court found that the equities were with the plaintiff and that the defendants had failed to sustain the burden of proof as to each of their defenses.
The defendants raise three points on appeal : the evidence is not sufficient to show that there has been an assent to and a valuable consideration for the change of the payment date from May 1, 1965 to “demand”; the transaction, which was contrived to avoid the usury statutes, is infected with usury; and, the evidence is not sufficient to show that the defendant, Cro-ton River, received a consideration for the execution of the promissory note and mortgage lien encumbering the property foreclosed.
The facts disclose that Ottaviano was engaged in the construction of roads and bridges in the state of New York. In or about March, 1962, Ottaviano had financial difficulties, the result of which was freezing of funds to be released by the state of New York on account of four projects being constructed by Ottaviano. An attempt was made to have its bonding company furnish the needed funds, which it did. However, the bonding company could not assume certain obligations outside of the four projects. Therefore, Ottaviano approached the plaintiff, with whom it had prior dealings, and notified it of the situation. A meeting was held at which a joint venture was established. At the meeting there appeared an attorney for the plaintiff and an attorney called in by the defendants, Francis J. Alwill. The parties agreed that the plaintiff would advance $250,000.00 on account of the projects which would entitle plaintiff to one-half the profits, if any, from these endeavors. Plaintiff further guaranteed an indebtedness due the National Bank of Westchester in the estimated amount of $460,000.00 and thereby obtained a discontinuance of a prosecution of legal action by the bank. Both Ottaviano and its affiliated corporation, Croton River were liable on the indebtedness to the bank. Ot-taviano and Croton River were to give individual notes secured by mortgages encumbering their property in New York and Florida.
Both plaintiff’s attorney and president testified that the maturing date of the master note for $250,000.00 was changed from May 1, 1965 to “demand” before the note was signed or delivered, and that the change was agreed upon by all parties and the alteration made by Mr. Alwill, who died prior to the institution of these actions. An expert identified the handwriting to be that of Mr. Alwill. The president of both Ottaviano and Croton River testified that to the best of his recollection the instrument was a three year note.
We have determined that the evidence related above is sufficient to support the chancellor’s findings, and that no error has been made to appear.
Therefore, the decrees appealed from are affirmed.
Affirmed.